970 So.2d 260 (2007)
Dennis G. WILKINS, Appellant
v.
CITY OF FLORENCE, Appellee.
No. 2007-KM-00349-COA.
Court of Appeals of Mississippi.
December 11, 2007.
J. Edward Rainer, Brandon, Lora Suzanne Gipson, attorneys for appellant.
David Ringer, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
IRVING, J., for the Court.
¶ 1. Dennis G. Wilkins was convicted in the Municipal Court of the City of Florence of DUI first offense, careless driving, and speeding. He appealed his convictions to the Rankin County County Court which, in a trial de novo, found Wilkins guilty as well. Wilkins further appealed to the Rankin County Circuit Court, which, sitting as an appellate court, affirmed each of the convictions.
¶ 2. In both the county court and circuit court, Wilkins, in addition to arguing that there was insufficient evidence to support *261 his convictions, argued that he was denied equal protection of the law because he was denied a trial by jury. He pointed out that had his offenses been committed outside of the corporate limits of the City of Florence in Rankin County, he would have been entitled to a jury trial. As stated, the Rankin County Circuit Court affirmed Wilkins's convictions on the merits. It also held that Wilkins was not entitled to a jury trial and that the county court had not erred in refusing to grant a jury trial. From the order of the Rankin County Circuit Court, Wilkins has appealed, asserting that he was denied due process and equal protection of the law because he was denied a right to trial by jury. He also challenges the sufficiency of the evidence supporting his convictions.
¶ 3. We do not reach the merits of Wilkins's appeal because we lack jurisdiction. Therefore, we dismiss his appeal.
Mississippi Code Annotated section 11-51-81 (Rev.2002) provides in pertinent part:
[T]here shall be no appeal from the circuit court to the supreme court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court.

(emphasis added).
¶ 4. This case originated in the Municipal Court of the City of Florence and was appealed first to the Rankin County County Court and then to the Rankin County Circuit Court. Therefore, pursuant to section 11-51-81 no further appeal is permitted unless a constitutional issue is presented, and an appeal is specifically allowed by either the circuit judge or by a judge of the supreme court. Wilkins presents a constitutional issue, as he contends that it is a denial of equal protection to permit a jury trial in a criminal misdemeanor case brought in Justice or County Court, but to deny a defendant the same right in a criminal misdemeanor case brought in Municipal Court. We have scoured the record and have not located an order by either the circuit judge or the supreme court permitting this appeal. Therefore, this appeal is dismissed, because we lack jurisdiction.
¶ 5. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.